IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARSHALL T. GLEASON III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WORLD SAVINGS BANK, FSB, *et al.*,<br><br>　　　　Defendants.<br>_____ / | No. C 12-03598 RS<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION** |

## I. INTRODUCTION

In this recently filed wrongful foreclosure action, plaintiff Marshall T. Gleason III applies, on an *ex parte* basis, for a temporary restraining order (TRO), or in the alternative, a preliminary injunction (PI). Specifically, Gleason requests a restraining order against defendants enjoining them from proceeding with a foreclosure sale, or otherwise transferring ownership or encumbering the property at issue, 7398 Via Cantares in San Jose, California. The request was filed, and served in some form on Wells Fargo Bank, which has appeared and objects to entry of the TRO.[1] After it filed an opposition to the request for temporary relief, the motion was taken under submission pursuant to Civil Local Rule 7-1(b), and for the reasons set forth below, it must be denied.

## II. DISCUSSION

A. Legal Standard

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing,

---

[1] According to defendants, Wells Fargo is the successor in interest by merger to Wachovia Mortgage, FSB, and World Savings Bank, FSB, erroneously sued by Gleason under those former names and others.

and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

B. Analysis

Wells Fargo raises several objections to Gleason's request. It maintains (1) the *ex parte* motion is not procedurally proper, (2) no foreclosure sale is imminent, and (3) it has complied with California Civil Code § 2923.5. Turning first, to the threshold procedural question, Wells Fargo maintains that Gleason's request does not satisfy the Local Rules that pertain to *ex parte* motions. It insists that Gleason did not serve the complaint or a proposed order in support of its request, as Rule 65-1 requires. N.D. Cal. Civ. L. R. 65-1(a). The Bank also points out that Gleason has not identified a specific provision of law that authorizes *ex parte* proceedings, another prerequisite to proceed. *See* N.D. Cal. 7-10 ("The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought."). While it is true that Gleason must comply with the Local Rules, he is appearing *pro se*, and has made reasonable efforts to comply with the spirit of the Rules. More to the point, Wells Fargo has obviously received notice of the request, and been afforded an opportunity to respond, which is the primary purpose of the Rules that govern service and disposition of *ex parte* motions. Accordingly, those relatively slight procedural defects do not provide a basis for denial of the motion.

Turning to the requirements of *Winter*, the Bank argues that no foreclosure sale is imminent. That is apparent from plaintiff's own filings, and Wells Fargo's opposition to the motion confirms that no trustee sale has been noticed, and no notice of any such sale has been recorded. It follows that any legal sale must be at least 20 days away, given that California Civil Code § 2924f(b) requires such advance notice. Absent any likelihood of immediate harm, Gleason is not entitled to a TRO, and the motion must be denied. Of course, should defendants notice a trustee sale, nothing precludes Gleason from renewing his request on that basis, or noting as much in support of his request for a preliminary injunction, which is set for a hearing and further briefing below.

Finally, on the merits, Wells Fargo argues that it has complied with Civil Code § 2923.5, which requires a lender to exercise due diligence in attempting to contact a borrower 30 days prior to filing a notice of default. *See* Cal. Civ. Code § 2923.5(g) (defining "due diligence"). Although Gleason declares that, "I have never been contacted by my lender prior to the filing of a notice of default in the subsequent foreclosure activity currently pending against my property" (Gleason Decl. ¶ 2), and insists that pre-recording notice to the borrower is required, *see Mabry v. Superior Court*, 185 Cal. App. 4th 208, 233 (2010), the evidence adduced by the Bank tends to show that it may well have met the statutory due diligence requirements even if it did not succeed in establishing actual contact with plaintiff prior to filing the notice of default. Thus, additionally, it appears that Gleason has not demonstrated the requisite likelihood of success on the merits under *Winter*.

### III. CONCLUSION

For the reasons explained above, Gleason's request for a TRO must be denied. <u>A hearing on Gleason's motion for a preliminary injunction shall be held at 1:30 p.m. on October 4, 2012, in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco. The Court reserves the right to adjudicate the motion without a hearing, pursuant to Civil Local Rule 7-1(b)</u>. Plaintiff may, if he so elects, file a further brief, no longer than 10 written pages (excluding exhibits and other supporting materials), in support of his motion for a preliminary injunction by 4 p.m. on Monday, September 24, 2012. Defendants may, if they so choose, file an opposition brief of the same length by 4 p.m. on Wednesday, September 26, 2012.


1 | IT IS SO ORDERED.

3 | Dated: 9/17/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE