Case3:12-cv-03598-JST   Document46   Filed07/26/13   Page1 of 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL T GLEASON,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>    Defendants. | Case No.  12-cv-03598-JST<br><br>**ORDER OF DISMISSAL WITH PREJUDICE PURSUANT TO RULE 41(B)** |

On May 13, 2013, this Court dismissed Plaintiff's complaint because it failed to allege sufficient facts to state viable claims. ECF No. 43. The Court granted Plaintiff leave to amend the Complaint and ordered Plaintiff to do so within thirty days. Id. Plaintiff neither filed an amended complaint by the Court's deadline nor filed anything else to explain the lack of prosecution in this case. The Court set an Order to Show Cause why the Complaint should not be dismissed pursuant to Rule 41(b) for failure to follow the Court's order to file an amended complaint, and failure to prosecute. ECF No. 44. Plaintiff again failed to file an amended complaint, to respond to the Order to Show Cause, to appear at the hearing, or to provide any reason why the case should not be dismissed. ECF No. 45. Plaintiff previously failed to appear at the hearing on the motion to dismiss as well. ECF No. 42. At that time, the Court noted that Plaintiff accurately stated the time and place of the hearing on his opposition to the motion to dismiss and took the motion under submission without oral argument. Id.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order

of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also Oliva v. Sullivan, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss *sua sponte* for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine Products Liab. Litig., ("In re PPA") 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The first three Henderson factors strongly support dismissal. See Yourish, 191 F.3d at 992 ("three factors strongly favor dismissal" when plaintiff, without valid explanation, failed to meet deadline to file amended complaint). First, "the public's interest in expeditious resolution of litigation always favors dismissal." Id. at 990. Second, to be able to manage its docket effectively, the Court must be able to dismiss actions without operative complaints which have stalled due to one party's unilateral inaction in meeting court-imposed deadlines.

As for the third Henderson factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. Id. at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." In re PPA, 460 F.3d at 1228. Moreover, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." Yourish, 191 F.3d at 991. "[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating an at least non-frivolous reason for failing to meet a court deadline. Id.; see also Yourish, 191 F.3d at 991. Here, Plaintiff has not requested an

extension of the deadline and has offered no explanation for the failure to timely amend, either in response to the Court's initial dismissal or in response to the second opportunity provided by the Order to Show Cause. Therefore, the Court concludes that the third <u>Henderson</u> factor also strongly supports dismissal.

The fourth <u>Henderson</u> factor normally weighs strongly against dismissal. <u>See</u>, e.g., <u>Hernandez</u>, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." <u>In re PPA</u>, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." <u>Id.</u> (quoting <u>In re Exxon Valdez</u>, 102 F.3d 429, 433 (9th Cir. 1996)). If the fourth <u>Henderson</u> factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted dismissing without prejudice, and ordered Plaintiff to file an amended complaint. When Plaintiffs failed to follow this order, rather than dismiss the complaint with prejudice, the Court attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an additional opportunity to re-plead. Ordering Plaintiff a third time to file an amended complaint is likely to be futile. The Order to Show Cause warned Plaintiff of the risk of dismissal with prejudice. Plaintiff certainly cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." <u>Oliva</u>, 958 F.2d at 274. Other sanctions — such as fining Plaintiff or recommending counsel for discipline — are inappropriate in cases of inaction that might well just be Plaintiff's way of submitting to the Court's initial dismissal.

For the foregoing reasons, the Court hereby DISMISSES the Complaint. This time, dismissal is WITH PREJUDICE. <u>See</u> <u>Yourish</u>, 191 F.3d at 998 (approving dismissal with

1 prejudice for failure to timely amend complaint). The Court concludes that it would be futile to grant further leave to amend since the Court's last grant of leave prompted no response, and Plaintiff did not respond in writing or in person to the Court's Order to Show Cause either. Moreover, it would prejudice Defendant to continue to require them to defend an action with no operative complaint, and Plaintiff has provided no justification for the delay in prosecution. See Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing "undue delay," "undue prejudice" and "futility of amendment" as factors that support dismissal without leave to amend).

The Court instructs the clerk to terminate the case.

**IT IS SO ORDERED**.

Dated: July 25, 2013

_____
JON S. TIGAR
United States District Judge